IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTSUKA PHARMACEUTICAL CO., LTD. AND H. LUNDBECK A/S, | ) )<br>) **REDACTED - PUBLIC VERSION**<br>) |
| Plaintiffs, | )<br>) C.A. No. 19-1956-LPS |
| v. | ) ) |
| PRINSTON PHARMACEUTICAL INC., | ) ) |
| Defendant. | ) ) ) |

**PLAINTIFFS' SUR-REPLY BRIEF IN OPPOSITION TO PRINSTON PHARMACEUTICAL, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Of Counsel:

James B. Monroe
Denise Main
Erin M. Sommers
C. Collette Corser
Tyler B. Latcham
Douglas W. Cheek
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4431
(202) 408-4000

ASHBY & GEDDES
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys For Plaintiffs Otsuka Pharmaceutical Co., Ltd. And H. Lundbeck A/S*

Dated: September 21, 2020

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 1

    A. Prinston's Untimely Production of its ANDA Prejudices Plaintiffs and Confirms That Its ANDA Constitutes "Matters Outside the Pleadings" ................ 1

    B. Prinston's Previously Undisclosed ANDA Confirms That Factual Disputes Exist as to the "Binder" Claim Limitation .............................................................. 2

    C. Factual Disputes Remain as to the ███████████████████████ ███████████ ............................................................................................. 3

    D. Prinston's Newly Produced ANDA Necessitates Discovery ................................. 4

    E. ███████████████ Alternative Binder Function Would Not Vitiate the "Binder" Claim Limitation .................................................................................. 4

III. CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*AquaTex Indus., Inc. v. Techniche Solns.*,
   479 F.3d 1320 (Fed. Cir. 2007)..................................................................................................4

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997)......................................................................................................1

*Cima Labs, Inc. v. Actavis Grp. HF*,
   No. 07-893, 2007 WL 1672229 (D.N.J. June 7, 2007).................................................................1

*Cooper Notification, Inc. v. Twitter, Inc.*,
   867 F. Supp. 2d 485 (D. Del. 2012)............................................................................................4

*Cumberland Pharmaceuticals Inc. v. Sagent Agila LLC*,
   No. 12-825, 2013 WL 5913742 (D. Del. Nov. 1, 2013)..............................................................5

*Par Pharm., Inc. v. Hospira, Inc.*,
   No. 17-944, 2018 WL 3343238 (D. Del. May 11, 2018) ............................................................1

*Rosenau v. Unifund Corp.*,
   539 F.3d 218 (3d Cir. 2008)........................................................................................................3

**Rules**

Fed. R. Civ. P. 12(c) ...................................................................................................2, 3, 4

**I.      INTRODUCTION**

Plaintiffs respectfully submit this short sur-reply brief to address the new evidence produced to Plaintiffs after submission of their Answering Brief and new arguments raised by Prinston Pharmaceutical Inc. ("Prinston") in its Reply Brief (D.I. 26).  First, Prinston's delayed production of its ANDA—after Plaintiffs filed their Answering Brief (D.I. 21)—confirms that its ANDA lies outside the pleadings.[1]  Second, previously undisclosed portions of Prinston's ANDA confirm that several disputed issues of material fact exist as to whether excipients in Prinston's generic products function as equivalents to the claimed binder.  Third, Prinston's newly raised claim vitiation argument misstates the law and facts.

**II.     ARGUMENT**

**A.      Prinston's Untimely Production of its ANDA Prejudices Plaintiffs and Confirms That Its ANDA Constitutes "Matters Outside the Pleadings"**

Prinston's production of its ANDA *after* Plaintiffs could no longer address it as a matter of right exacerbates the "primary problem raised by looking to documents outside the complaint— lack of notice to the plaintiff."  *Cima Labs, Inc. v. Actavis Grp. HF*, No. 07-893, 2007 WL 1672229, at *4 (D.N.J. June 7, 2007) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).  Here, Plaintiffs did not have notice or the benefit of Prinston's recently-produced information when the Complaint was filed.  Prinston's tactical production of its ANDA after Plaintiffs could not rely on it as a matter of right thus confirms that this material, i.e., its ANDA, constitutes matters outside the pleadings.  Prinston cannot now rely on this information to support its motion.  *Par Pharm., Inc. v. Hospira, Inc.*, No. 17-944, 2018 WL 3343238, at *2 (D. Del. May 11, 2018).  Left with only a single-word denial of infringement in its Answer (D.I. 10 at

---

[1] Plaintiffs are unable to concede that Prinston's July 30, 2020, production represents a complete production of Prinston's ANDA.  Nor are Plaintiffs able to concede the authenticity of the documents produced.

¶¶ 110–11.), Prinston cannot establish that it is entitled to the relief it seeks. For this reason alone, the Court should reject Prinston's Rule 12(c) motion.

        **B.    Prinston's Previously Undisclosed ANDA Confirms That Factual Disputes Exist as to the "Binder" Claim Limitation**

Previously undisclosed portions of Prinston's ANDA demonstrate that ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ is not the "only" binder in its proposed generic products as Prinston contends. *See* D.I. 26 at 4–5; D.I. 21 at 8–10. Instead, previously-unproduced portions of its ANDA confirm that other excipients—▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇—function as binders.

For example, Prinston's ANDA states that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 1[2] at PRINSTON_BREX_0000422 (emphasis added). Similarly, Prinston's ANDA states that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id*. at PRINSTON_BREX_0000423 (emphasis added). Prinston's ANDA also indicates that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. The ANDA indicates that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id*. at PRINSTON_BREX_0000824–825.

Additionally, Prinston's ANDA equates ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Specifically, Prinston's ANDA states that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 1 at PRINSTON_BREX_0000825.

---

[2] Plaintiffs' exhibits cited herein are attached to the supporting declaration of Douglas W. Cheek, which is being filed concurrently herewith.



Prinston's assertion that "[t]he '419 patent itself and *Prinston's ANDA* both make clear that, for this case and this product, ▮▮▮▮▮▮▮ is only a generic and non-functional 'excipient' or a 'filler,' not acting as a functional 'binder'" is therefore simply incorrect. D.I. 26 at 5 (emphasis added).

The parties thus clearly dispute whether the ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ function as alternative binder(s) in Prinston's proposed generic products, precluding judgment on the pleadings. For this reason alone, Prinston is not entitled to the relief it seeks. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008).

Moreover, Prinston implicitly concedes that the disclosure-dedication doctrine is inapplicable to ▮▮▮▮▮▮▮ alternative function as a binder. D.I. 26 at 7. And contrary to Prinston's contention, the '419 patent does not disclose any specific examples of tablets that include ▮▮▮▮▮▮▮. *Id*. at 5; *see generally* D.I. 1: Ex. G. For this additional reason, Prinston's Rule 12(c) motion should fail.

    C.    **Factual Disputes Remain as to the ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮**

Contrary to Prinston's contention that its uncoated products contain "no 'binder(b), which is hydroxypropyl cellulose'" (*see* D.I. 26 at 4), ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮. ▮▮▮▮▮▮▮ Fact and expert discovery is thus needed to determine whether by virtue of the manufacturing process and potentially other factors, such as storage, ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮.

Moreover, a preliminary review of Prinston's ANDA reveals that the ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮

██████████████████████████████████████████████████████████████ Ex. 1 at PRINSTON_BREX_0000825. Stated differently, Prinston's ANDA itself equates ██████ ███████████████████████████████████. *Id*. Plaintiffs should thus be permitted to show that ████████████████ Prinston's proposed generic products constitutes an equivalent to the claimed binder given the previously undisclosed sections of Prinston's ANDA that show ██████████████████████████████████████ *Id*. In addition to further fact discovery, expert discovery is also required regarding █████████████████ ██████████████  *See AquaTex Indus., Inc. v. Techniche Solns.*, 479 F.3d 1320, 1329 (Fed. Cir. 2007) ("[W]hen the patent holder relies on the doctrine of equivalents, . . . the difficulties and complexities of the doctrine require that evidence be presented to the . . . fact-finder through the particularized testimony of a person of ordinary skill in the art, typically a qualified expert . . . ."); *Cooper Notification, Inc. v. Twitter, Inc.*, 867 F. Supp. 2d 485, 496 (D. Del. 2012).

### D. Prinston's Newly Produced ANDA Necessitates Discovery

Prinston's production of its ANDA, which Plaintiffs cannot concede is complete or authentic, does not rectify the prematurity of its Rule 12(c) motion. Indeed, the inconsistencies between it and Prinston's asserted non-infringement positions highlight the need for additional fact discovery, including of Prinston's technical documents outside its ANDA. Expert discovery is also required regarding the other binders contained in Prinston's tablets and their functions. *See AquaTex*, 479 F.3d at 1329; *Cooper*, 867 F. Supp. 2d at 496. As a result, Plaintiffs respectfully request that Prinston's motion be denied to permit fact and expert discovery to proceed.

### E. ██████████████████ Alternative Binder Function Would Not Vitiate the "Binder" Claim Limitation

Raising a new non-infringement theory, Prinston asserts that because ██████ ████████ ██████████ Plaintiffs' "████████████████" infringement theory would . . . vitiate the

'binder(b)' claim element." D.I. 26 at 5. Prinston's new argument ignores that to infringe the claimed "excipient" limitation, a tablet need include only "at least one member selected from the group consisting of lactose, corn starch, and microcrystalline cellulose." D.I. 1: Ex. G at 15:38–40. Prinston's proposed products include ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. D.I. 16: Ex. 1 at 4. Accordingly, finding that ▬▬▬▬▬▬ meets the binder limitation does not vitiate any claim elements.

Prinston's citation to *Cumberland Pharmaceuticals Inc. v. Sagent Agila LLC*, No. 12-825, 2013 WL 5913742 (D. Del. Nov. 1, 2013) does not suggest otherwise. D.I. 26 at 5–6. In *Cumberland*, the claims covered formulations "free from a chelating agent." *Cumberland*, 2013 WL 5913742, at *1. Because the patentee conceded that the EDTA contained in the defendant's formulation constituted a "chelating agent," the Court held that a finding of infringement would vitiate the "free from a chelating agent" limitation. *Id*. at *3. Unlike in *Cumberland*, an infringing tablet in this case need include only one of the recited "excipient[s]," and, thus, a finding of infringement based on ▬▬▬▬▬▬ function as a binder would not vitiate any claim limitations where the formulation ▬▬▬▬▬.

## III. CONCLUSION

For these reasons and those set forth in their Answering Brief (D.I. 21), Plaintiffs respectfully request that the Court deny Prinston's motion for judgment on the pleadings.

{01609439;v1 }                                                  5

Of Counsel:

James B. Monroe
Denise Main
Erin M. Sommers
C. Collette Corser
Tyler B. Latcham
Douglas W. Cheek
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4431
(202) 408-4000


Dated: September 21, 2020

ASHBY & GEDDES

*/s/ Steven J. Balick*
_____
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Plaintiffs Otsuka Pharmaceutical Co., Ltd. and H. Lundbeck A/S*