**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| OTSUKA PHARMACEUTICAL CO., LTD. AND H. LUNDBECK A/S, | ) ) ) |
| Plaintiffs, | ) ) C.A. No. 19-1956-LPS ) |
| v. | ) ) |
| PRINSTON PHARMACEUTICAL INC., | ) ) ) |
| Defendant. | ) |

**DEFENDANT PRINSTON PHARMACEUTICAL INC.'S SUR-SUR-REPLY IN
SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to the Court's 9/18/2020 Order, Prinston Pharmaceutical Inc. ("Prinston") respectfully submits these brief responses to the arguments in Plaintiffs' sur-reply (D.I. 30).

**I.   Plaintiffs' "Untimely Production of ANDA" Argument Is Neither Supported by Law Nor Equitable under the Facts of This Case**

Plaintiffs made a conscious choice to rely on their hunch about the contents of Prinston's ANDA, sight unseen, for their allegations of patent infringement. Plaintiffs stipulated to the receipt of Prinston's Paragraph IV Notice Letter dated September 19, 2019. (D.I. 28, at 1; *see also* D.I. 1, at ¶ 50). Plaintiffs' counsel waited two weeks before requesting access to Prinston's ANDA on October 4. (D.I. 28, at 1). When Prinston apparently did not immediately respond, Plaintiffs "filed this Action . . . on October 15, 2019," less than 26 days after their receipt of Prinston's Notice Letter. (*Id.*). Plaintiffs did not need to rush to file suit, for example to trigger a 30-month stay under 21 U.S.C. §355(j)(5)(B)(iii), which they had 45 days to do.

Once Plaintiffs filed this lawsuit, any previous offer of access to Prinston's ANDA became inoperative, because such an offer was "for the purpose of determining whether an action … should be brought." 21 U.S.C. §355(j)(5)(C)(i)(III). Thereafter, Prinston was never under any obligations to offer or produce its ANDA, for example pursuant to this District's Default Standard for Discovery. Prinston has now voluntarily produced its ANDA to Plaintiffs. Prinston has never refused to produce its ANDA. A voluntary production of document cannot be deemed "untimely."

Plaintiffs clearly relied on the contents of Prinston's ANDA in their Complaint, even though they had not actually reviewed the ANDA beforehand. (D.I. 26, at 2). Once they initiated this case, it was appropriate and entirely fair for Prinston to rely on the actual contents of its ANDA to support its motion. *See In re Burlington Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Plaintiffs' "untimely production" argument should be rejected.

II. **Plaintiffs' Fishing Expedition into Prinston's ANDA Yielded No Evidence of Infringement**

Plaintiffs filed their Complaint without reviewing Prinston's ANDA, hoping for the best. When Prinston filed its motion for judgment on the '419 patent, Plaintiffs demanded "a full infringement analysis" of the "entire ANDA, product samples and development documents." (D.I. 21, at 7). Now that they have reviewed Prinston's ANDA, the portions they cite to in the sur-reply clearly show that Prinston's product does not and cannot infringe the '419 patent.

A. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ **as Binders Are Subject to the Disclosure-Dedication Rule**

Plaintiffs point to general statements in Prinston's ANDA about two well-known excipients ▓▓▓▓▓▓▓, which could be used as a binder in general. (D.I. 30, at 2). Specifically for Prinston's ANDA product, these excipients were each ▓▓▓▓▓▓▓▓▓ D.I. 31 Ex. 1, at PRINSTON_BREX_422-23). More important, even if ▓▓▓▓▓▓ could function as binders, their use *as binders*, singularly or in combination, or in further combination with ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓, was disclosed in the '419 patent specification but not claimed. Therefore, there can be no DOE argument regarding the "binder (b), which is HPC" claim element based on the presence of ▓▓▓▓▓▓. (*See* D.I. 26, at 7).

B. ▓▓▓▓▓▓▓▓▓▓▓▓▓ **Is Not a Binder in Prinston's ANDA Product**

Plaintiffs argue that ▓▓▓▓▓▓▓▓▓ could serve as a binder because it ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (D.I. 30, at 2-3). However, in the portion of the ANDA they cite to, the word ▓▓▓▓▓ just means "amount." (D.I 31 Ex. 1, at PRINSTON_BREX_825). For example, the document states, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*Id.*). The sentence Plaintiffs point to clearly means that non-functional lactose monohydrate was used to make up for any changes in ▓▓▓▓▓ or amounts, of the *functional* binder and *functional* disintegrant.

2

Indeed, Prinston's ANDA states that ███████████████████████████████████████
and it "█████████████████████████████████████████" (*Id.* at PRINSTON_BREX_422).

### C. "Binder (b)" Must Be Found in the Uncoated Tablets

Plaintiffs idly speculate that ████████ in the coating could "become[] part of the uncoated tablets" during manufacturing and storage. There is no citation to any portion of the ANDA to support such an argument. To the extent this speculation could be considered an "argument," it violates the parties' agreement (D.I. 28, at ¶ 1), because it is not based on the contents of the ANDA and could have been made in Plaintiffs' answering brief. Therefore, it cannot stand.

Plaintiffs also argue that ████████ in the coating could be an equivalent of "binder (b)," which the claim language requires to be present in "the uncoated tablet." (D.I. 1 Ex. G, the '419 patent, at col. 15, Claim 1). Instead of asking the proper DOE question of whether another binder in the uncoated tablets could be the equivalent of "binder (b), which is HPC," Plaintiffs switched the DOE argument here. Plaintiffs' new argument is that ████████ "in the coating" could be equivalent to HPC "in the uncoated tablet." The claims of the '419 patent specifically recite the structures of "uncoated tablets" and "coating," which by the plain language of the claims are distinct and separate structures. (*Id.*). The claims require the presence of HPC as "binder (b)," which is a part of the "uncoated tablet." Plaintiffs are now arguing that a product that does not contain any "binder (b)" in the uncoated tablet could nevertheless infringe under DOE, as long as something in the coating could "impact tablet disintegration." (D.I. 30, at 4). Such an argument would indeed vitiate the "binder (b)" claim element altogether, and is impermissible.

### III. Conclusion

For the reasons above and in Prinston's previous briefs (D.I. 21, D.I. 26), Prinston respectfully requests that the Court grant its motion.

Dated: September 24, 2020	Respectfully submitted,

                            STAMOULIS & WEINBLATT LLC

                            */s/ Stamatios Stamoulis*
                            Stamatios Stamoulis (#4606)
                            800 N. West Street, Third Floor
                            Wilmington, DE 19801
                            (302) 999-1540 – Ext.1
                            stamoulis@swdelaw.com

                            Shashank Upadhye (*pro hac vice*)
                            Yixin Tang (*pro hac vice*)
                            Brent Batzer (*pro hac vice*)
                            **UPADHYE CWIK LLP**
                            135 S. LaSalle St., Suite 1930
                            Chicago, IL 60606
                            Tel: 312.598.2610
                            shashank@ipfdalaw.com

                            *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record were served with a copy of this document via email on September 24, 2020.

                                    */s/Stamatios Stamoulis*
                                    **STAMATIOS STAMOULIS**